UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donaldo S.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; U.S. Department of Homeland Security; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Peter Berg, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office*; and Ryan Shea, *Sheriff, Warden of Freeborn County Jail, Minnesota*,

        Respondents.

File No. 25-CV-4786 (JMB/LIB)

**ORDER**

Brooke B. Mengel, Wilson Law Group, Minneapolis, MN, for Donaldo S.

Justin M. Page and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and Peter Berg.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Ryan Shea.

      This matter is before the Court on Petitioner Donaldo S.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, Todd

1

M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and Peter Berg (together "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition in part.

## BACKGROUND

Donaldo S. is a native and citizen of Honduras who entered the United States without inspection in January 2018. (Pet. ¶¶ 32–33.) On January 16, 2018, the Department of Homeland Security initiated removal proceedings against Donaldo S. by filing a Notice to Appear. (*Id.* ¶ 35.) Donaldo S. was released from detention the next day in his own recognizance. (*Id.*) In May 2024, the Immigration Court dismissed Donaldo S.'s removal proceedings in an exercise of prosecutorial discretion, and Donaldo S. filed his I-589 application with the U.S. Customs and Immigration Services (USCIS), which remains pending. (*Id.* ¶ 36–37.) Respondents took Donaldo S. into custody on or about December 27, 2025. (*Id.* ¶ 37.)

On December 29, 2025, Donaldo S. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Donaldo S. seeks a bond hearing pursuant to section 1226(a). (*Id.* at 31, ¶ 5.) Donaldo S. also seeks a variety of additional relief from the Court, including a declaration that Respondents' decision violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment as well as an of attorney fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 32, ¶¶ 6, 8, 9.)

## DISCUSSION

Respondents argue that Donaldo S.'s detention is mandatory pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court concludes that because section

2

1225(b) is not applicable to him, Donaldo S. is entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Donaldo S.'s Petition.[1]

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The fundamental question raised in this case is whether Donaldo S. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226. Respondents argue that because Donaldo S. is a noncitizen who is present

---

[1] Because a bond hearing is the primary relief available under 28 U.S.C. § 2241, the Court declines to address the remaining relief requested, including relief under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act.

3

in the United States without having been admitted, he is an "applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2). (Doc. No. 9 at 2.)  Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection.  *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5–6 (collecting cases); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases).  This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning."  *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)).  Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b).  This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking."  Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention.  To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside."  *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401

4

(1929). In this case, Donaldo S. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado*, 2025 WL 2374411, at *11–12 (discussing the longstanding practice of noncitizens who resided in the United States, but who had entered without inspection, as being treated subject to section 1226(a)).

Therefore, because section 1225(b) is inapplicable to Donaldo S., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the

5

apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Donaldo S. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Donaldo S.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Accordingly, the Court grants the Petition.[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part, as follows:

1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before <u>5:00 p.m. CT on January 9, 2026</u>.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. On or before <u>10:00 a.m. CT on January 12, 2026</u>, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

---

[2] The Court does not address Donaldo S.'s request for an award of fees and costs under the Equal Access to Justice Act; he may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5. To the extent Petitioner seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 5, 2026                              /s/ *Jeffrey M. Bryan*
                                                    Judge Jeffrey M. Bryan
                                                    United States District Court